COURT OF APPEALS
DECISION
DATED AND FILED

April 1, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2019AP2287**

Cir. Ct. No.  2019CV3036

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

ROBERTO M. HINOJOSA,

   PETITIONER-APPELLANT,

 V.

KEVIN A. CARR AND JOHN TATE-CHAIRMAN,

   RESPONDENTS-RESPONDENTS.

APPEAL from an order of the circuit court for Dane County: STEPHEN E. EHLKE, Judge. *Affirmed.*

Before Blanchard, Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Roberto Hinojosa appeals an order denying his mandamus petition. He argues that he is entitled to mandatory release on parole under statutes in effect in 1983. We disagree, and therefore we affirm.

¶2 Hinojosa's petition alleges that he is serving a life sentence for a first-degree murder committed in November 1983. The petition sought an order directing the respondents to follow the statutes in effect at the time of his crime and release him from prison. The circuit court dismissed the petition.

¶3 On appeal, Hinojosa seeks sanctions against the circuit court, arguing that the circuit court erred by dismissing his petition within several days after it was filed. The court did so under WIS. STAT. § 802.05(4) (2019-20),[1] which requires the court to review initial pleadings filed by persons who meet the statutory definition of "prisoner" referred to in that section. The statute allows the court to dismiss the action if the court determines that the petition is frivolous, which it did in this case. The timing of that decision is not a basis for us to grant relief.

¶4 As to the substance of Hinojosa's petition, he argues that, under the statutes that were in effect when he committed the crime, he was entitled to mandatory release on parole many years ago. His argument relies on the following two provisions, which were in effect then:

> Except as provided in sub. (1m), the department may parole an inmate of the Wisconsin state prisons … when he or she has served 20 years of a life term less the deduction earned for good conduct as provided in s. 53.11.

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

WIS. STAT. § 57.06(1) (1981-82), as amended by 1983 Wis. Act 64, § 1.

> An inmate or parolee having served the term for which he or she has been sentenced for a crime committed after May 27, 1951, less good time earned under this chapter and not forfeited as provided in this section, shall be released on parole … until the expiration of the maximum term for which he or she was sentenced without deduction of such good time, or until discharged from parole by the department, whichever is sooner.

WIS. STAT. § 53.11(7)(a) (1981-82).

¶5 Hinojosa appears to be arguing that the second provision entitles him to mandatory release on parole based on the twenty-year calculation described in the first provision. However, that is not a correct interpretation.

¶6 The first provision relates to discretionary parole that the department "may" grant to an inmate. It does not provide for mandatory release of any inmate.

¶7 The second provision relates to mandatory parole that the department "shall" grant to an inmate. However, that statute does not contain any provision granting mandatory release to inmates serving life terms. Instead, it applies to an inmate who has "served the term for which he or she has been sentenced." This phrase does not apply to inmates serving life terms because they cannot be described as having "served" their terms until they are no longer alive. An inmate serving a life term has served his or her sentence only at death.

¶8 This conclusion is consistent with our observation about these statutes forty years ago, that "lifers, unlike other inmates, have no date when release becomes mandatory. For a lifer, the good conduct deductions merely advance the date on which he may be paroled, such parole being at the discretion

3

of the department." ***Parker v. Percy***, 105 Wis. 2d 486, 491, 314 N.W.2d 166 (Ct. App. 1981).

¶9      Hinojosa also argues that the department is impermissibly applying an ex post facto punishment by relying on statutes that became effective after the date of his crime to deprive him of mandatory release.  However, all of these arguments rely on the assumption that Hinojosa was entitled to mandatory release *before* those statutes became effective.  As we have explained, that assumption is incorrect.  Therefore, we do not discuss these later provisions further.

¶10      Finally, Hinojosa may be arguing that the parole commission, in denying him discretionary parole, has improperly used a statutory standard that includes his institutional conduct.  As explained by the respondents, judicial review of specific decisions to deny parole is by certiorari petition.  Here, Hinojosa filed a mandamus petition, and as a result the parole commission record was not sent to the circuit court for review.  There is no record on which we can conduct a certiorari review of this issue.

>    *By the Court.*—Order affirmed.

>    This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.